# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RITA ALLEN,<br><br>*Plaintiff,*<br><br>v.<br><br>BROOKDALE SENIOR LIVING; and JOSEPH ADAMS,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00125-TES |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND COMPEL ARBITRATION

Plaintiff Rita Allen seeks damages arising from injuries she allegedly suffered while working as a licensed professional nurse for Defendant Brookdale Senior Living ("Brookdale") from January of 2016 until her termination on March 11, 2019. Defendants move to dismiss Plaintiff's claims, arguing that the claims are covered by a binding arbitration agreement. Having reviewed the agreement and the parties' arguments, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss and Compel Arbitration [Doc. 10] and **STAYS** this case pending the conclusion of arbitration.

## FACTUAL BACKGROUND

Plaintiff worked for Brookdale from January 4, 2016 to March 11, 2019, when she was terminated. [Doc. 1, ¶¶ 14, 55]. During that time, Plaintiff alleges that Defendants wrongfully denied or interfered with her rights under the Family and Medical Leave Act,

29 U.S.C. § 2601 *et seq.* ("FMLA"), and that Defendants terminated her in retaliation for requesting and taking FMLA leave. [Doc. 1, ¶¶ 65, 70, 76, 82]. She also claims that Defendants intentionally inflicted emotional distress upon her by "inhumanely and cruelly" forcing her to "work without any days off," to "[forgo] surgery for their personal convenience," and to "work while ill," while also berating, abusing, and humiliating her to the point that she wished to voluntarily admit herself to a mental health hospital. [*Id.* at ¶¶ 89–92]. Finally, Plaintiff claims that Brookdale negligently retained its executive director, Defendant Joseph Adams ("Adams"), despite knowing of his "abusive, cruel and inhuman treatment" of Plaintiff, which included threatening to "terminate her at his pleasure," increasing Plaintiff's duties "to overly burdensome, onerous levels," and occasionally ordering Plaintiff to work 36 hours straight. [*Id.* at ¶¶ 26, 28, 29, 99, 100]. Plaintiff seeks statutory and compensatory damages in addition to reinstatement, attorney's fees, and expenses as a result of these alleged violations.

On August 10, 2016, Plaintiff executed a document titled "Brookdale Dispute Resolution Agreement" (the "Agreement") that was also executed by Brookdale's Executive Vice President Glenn O. Maul. [Doc. 10-2]. Pursuant to the terms of the Agreement, Plaintiff and Brookdale agreed, in pertinent part, that

> **any** legal dispute arising out of or related to [Plaintiff's] employment (including, without limitation, those arising from the Application for Employment, my employment, or the termination of my employment) must be resolved using final and **binding** arbitration and not by a court or jury trial. That includes any legal dispute that has to do with . . . training,

> discipling, termination, . . . discrimination, harassment, retaliation, . . . [and] any claims that come about through the . . . Family and Medical Leave Act.

[*Id.* at ¶ 1] (emphasis in original).

Although Plaintiff's counsel initially agreed to arbitrate Plaintiff's claims in compliance with the Agreement, for some unknown reason, the parties failed to reach an agreement on a joint stipulation of dismissal. *See* [Doc. 10-3, pp. 5, 10–15]. Accordingly, Defendants filed the instant motion to dismiss and compel arbitration, to which Plaintiff now inexplicably objects despite her counsel's previous written agreement. [Docs. 10, 11]. In response to the motion, Plaintiff argues that Adams may not invoke the Agreement because he was not a party to it. Plaintiff further contends that Defendants waived their right to arbitrate by failing to do so before terminating her employment. And finally, Plaintiff contends that if the Court compels arbitration, it should stay the case rather than dismiss it.

The Court disagrees with Plaintiff's first two arguments and finds, as explained below, that the Agreement is valid and enforceable by both Defendants and that Defendants have not waived their rights under the Agreement. However, because the Court construes Plaintiff's argument that the case should be stayed rather than dismissed as an application for a stay, the Court agrees that the proper course is to stay and administratively close this case until the arbitration has concluded.

3

## DISCUSSION

**A.**     **Standard of Review**

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, if a suit is brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration," then the court must stay the action pending arbitration upon application of one of the parties and "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3.

Arbitration is a matter of contract, and the Court must not compel arbitration of disputes that the parties did not agree to arbitrate. *See, e.g., AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). The determination of whether there is a valid arbitration agreement between the parties is controlled "by the 'ordinary state-law principles that govern the formation of contracts.'" *Dye v. Tamko Bldg. Prod., Inc.*, 908 F.3d 675, 680 n.4 (11th Cir. 2018) (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016)).

### B. The Agreement's Enforceability Against Both Defendants

There is no dispute in this case that the Agreement is valid and enforceable and that it covers the claims raised in Plaintiff's complaint against Brookdale.[1] Nevertheless, Plaintiff argues that the Agreement is not binding as to her claims against Adams because he was neither a party to nor a signatory on the Agreement. While it is generally true that "one who is not a party to an agreement cannot enforce [the agreement's] terms against one who is a party," the nonparty may enforce the agreement if relevant state contract law allows him to do so. *Lawson v. Life of the South Ins.*, 648 F.3d 1166, 1167, 1170 (11th Cir. 2011). In Georgia, equitable estoppel is an exception to the general rule, and it "allows a nonsignatory to an arbitration agreement to compel or be compelled by a signatory to arbitrate under certain circumstances in which fairness requires doing so." *Id.* at 1172 (citing *Order Homes, LLC v. Iverson*, 685 S.E.2d 304, 310 (Ga. Ct. App. 2009)). Equitable estoppel applies to compel arbitration in two instances, only one of which is applicable here:

> application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.

---

[1] Even if there were some dispute as to coverage, the clause reserving such determination for the arbitrators would control. *See* [Doc. 10-2, ¶ 1] ("Brookdale and [Plaintiff] agree that any dispute regarding the interpretation of this Agreement or whether it applies to a dispute will be resolved by an Arbitrator.").

5

*Order Homes*, 685 S.E.2d at 310 (quoting *Price v. Ernst & Young, LLP*, 617 S.E.2d 156, 160 (Ga. Ct. App. 2005)).[2]

Whether allegations contain "substantially interdependent and concerted misconduct" depends on several factors, including "the status of the parties as joint tortfeasors . . . and the existence of an agency relationship." *Lankford v. Orkin Exterminating Co.*, 597 S.E.2d 470, 474 (Ga. Ct. App. 2004) (quoting *Autonation Fin. Servs. Corp. v. Arain*, 592 S.E.2d 96, 99 (Ga. Ct. App. 2003) (physical precedent only)). In *Lankford*, for example, the court found a nonsignatory defendant to be entitled to compel compliance with an arbitration agreement where the plaintiff made claims against the defendant under a respondeat superior theory and made other claims against the signatory and nonsignatory defendants jointly. *Id.* at 474–75. Moreover, collective references to defendants in the plaintiff's complaint can be a basis for equitable estoppel. *See Bruce v. PharmaCentra, LLC*, No. 1:07-CV-3053-TWT, 2008 WL 1902090, at *6 (N.D. Ga. Apr. 25, 2008) (finding claims against co-defendants to be "inherently inseparable" where plaintiff did not "differentiate between Defendants in her claims and refer[red] to them collectively throughout her complaint").

---

[2] The other instance occurs when the signatory's claims are based on the terms of a written agreement containing the arbitration clause. *Order Homes*, 685 S.E.2d at 310. For example, where a plaintiff sues to enforce the terms of a promissory note, and the promissory note itself contains the arbitration clause at issue, equitable estoppel binds the plaintiff to the arbitration agreement for all claims arising from the note, regardless of who signed it. *See LaSonde v. CitiFinancial Mortg. Co.*, 614 S.E.2d 224 (Ga. Ct. App. 2005).

6

In the instant case, all of Plaintiff's claims are asserted against Brookdale and Adams jointly, several claims clearly implicate vicarious liability on the part of Brookdale, and Adams clearly had an agency relationship with Brookdale as its executive director. Indeed, nothing in the complaint can be construed to point in any other direction than equitable estoppel. Accordingly, Adams is entitled to compel arbitration of Plaintiff's claims against him under Georgia law, despite being a nonsignatory to the Agreement.

**C.     Waiver**

Although Plaintiff's claims against both Brookdale and Adams are arbitrable, Plaintiff contends that Defendants waived their right to arbitrate by failing to do so *before* they terminated her employment. Plaintiff would have the Court believe that Defendants were required to effectively get permission from an arbitrator before they could terminate Plaintiff's employment. This argument apparently comes from language in the Agreement that states, "any legal dispute arising out of or relating to [Plaintiff's] employment (including, without limitation, those arising from . . . the termination of [her] employment) must be resolved using final and binding arbitration and not by a court or jury trial." [Doc. 10-2, ¶ 1]. Plaintiff's unique construction of this language is, to put it diplomatically, baseless. This language clearly contemplates arbitration of legal disputes *arising from* (i.e., triggered by) the termination rather than arbitration of the termination itself. Plaintiff has failed to meet the "heavy burden of proof" required to show waiver of

an arbitration agreement, and her claims must be arbitrated. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n.17 (11th Cir. 2011) (citations omitted).

### D. Dismissal or Stay

Having found that Plaintiff's claims are subject to arbitration, the Court must determine whether it is appropriate to stay or dismiss this case. The FAA mandates that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement." 9 U.S.C. § 3. Although Defendant urges the Court to dismiss this action with prejudice, "the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015) (quoting *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004)).[3] Despite Plaintiff's failure to file a formal motion for a stay, the unequivocal request for a

---

[3] *But see Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (dismissing without prejudice all of plaintiff's claims because "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (emphasis in original), *aff'd*, 428 F.3d 1359, 1379 (11th Cir. 2005) ("[T]he district court properly granted defendants' motions to dismiss and compel arbitration."). *See also Royal v. CEC Entm't, Inc.*, No. 4:18-cv-302, 2019 WL 2252151, at *5 (S.D. Ga. May 24, 2019) (quoting *Caley*, 333 F. Supp. 2d at 1379) (same).

stay embedded in her response brief is enough to constitute an "application" under the rule.[4] Thus, Plaintiff is entitled to a stay of the case until the completion of arbitration.[5]

## CONCLUSION

Because Plaintiff is bound by the arbitration agreement in this case, but dismissal is improper, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss and Compel Arbitration [Doc. 10]. Defendants' Motion is granted as to their request to compel arbitration but denied as to their request to dismiss this case. This case is hereby **STAYED** pending arbitration. The Clerk of Court is **DIRECTED** to administratively close this case. The parties shall file a notice of settlement and a voluntary dismissal within 21 days after the conclusion of arbitration.

**SO ORDERED**, this 18th day of June, 2019.

s/Tilman E. Self, III<br>
**TILMAN E. SELF, III, Judge**<br>
**UNITED STATES DISTRICT COURT**

---

[4] *See* [Doc. 11, p. 7] ("Assuming arbitration is granted, then the proper course would be to stay this case."). Although Federal Rule of Civil Procedure 7(b) requires all requests for court orders to be made by motion, staying the case and allowing it to be administratively closed would result in no prejudice to Defendants or hardship on the Court.

[5] The Court declines to consider Plaintiff's other argument that a Georgia Department of Labor Board of Review decision regarding her application for unemployment benefits would carry preclusive weight on the arbitration decision. In the decision, a hearing officer found that Brookdale "failed to meet its burden of proof that [Plaintiff] was at fault in her discharge" and that Plaintiff "was not discharged for cause." [Doc. 11-1, p. 2]. The preclusive effect of this decision is a question of law affecting the substance of the arbitration, and the Court will it leave to the discretion of the arbitrator. *See* [Doc. 10-2, ¶ 7] ("The Arbitrator will decide the issues and awards and the Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.").